UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEYINKA LADELE,<br><br>　　　　　　　Movant,<br><br>　　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NOS. CV 08-02486 MMM<br>　　　　　　　CR 06-00125 MMM<br><br>ORDER REGARDING MOVANT'S<br>MOTION FOR RETURN OF PROPERTY |

On April 15, 2008, *pro se* movant Adeyinka Ladele filed this action against the United States of America, seeking the return of property seized at the time of his arrest. The government filed opposition to the motion on July 28, 2008. Ladele did not file a reply.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

**A.   Ladele's Indictment, Plea Agreement, Sentencing And Restitution Order**

On February 17, 2006, following an investigation by the United States Postal Inspection Service ("USPIS"), a federal grand jury returned a fourteen count indictment against Ladele.[1]

---

[1] Respondent United States of America's Memorandum of Points and Authorities in Opposition to Movant Adeyinka Ladele's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) ("Opp.") at 2.

The indictment charged Ladele with bank fraud in violation of 18 U.S.C. § 1344, identity theft in violation of 18 U.S.C. § 1028A(a)(1), aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and access device fraud in violation of 18 U.S.C. § 1029(a)(2).[2] The indictment alleged that Ladele had defrauded various banks by stealing credit cards issued to identity theft victims, obtaining fraudulent driver's licenses, and presenting the credit cards and driver's licenses to the banks to induce them to advance cash on the stolen credit cards.[3]

On March 7, 2006, law enforcement officers executed a federal search warrant at Ladele's Playa Vista residence and seized items for possible use as evidence, including social security cards, driver licenses, credit cards and mail in the names of persons other than Ladele. According to the USPIS search warrant inventory, the officers also seized the following items: (1) one "Sony Bravia"; (2) one "Sony TV Flat 30""; (3) one "[g]ent's Movado watch"; (4) one "[g]ent's Tag Heuer watch"; (5) one pair of "[d]iamond earrings 14k gold"; and (6) one "[g]ent's [g]old Tag Heuer watch."[4]

On June 29, 2006, a plea agreement was filed, pursuant to which Ladele agreed to plead guilty to one count of bank fraud and one count of identity theft. On October 23, 2006, Ladele was sentenced to 57 months in custody and ordered to pay $106,580.30 in restitution to five victims. Of this amount, $70,000 was due within six months of his sentencing.[5] Ladele failed to pay $70,000 by the six-month deadline, and as of July 10, 2008, had not paid $98,898.50 of

---

[2]*Id*. at 2-3.

[3]*Id*. at 7.

[4]*Id*. at 7-8; Declaration of Sean Klenin in Support of Respondent United States of America's Memorandum of Points and Authorities in Opposition to Movant Adeyinka Ladele's Motion for Return of Property Pursuant to Fed. R. Civ. [sic] P. 41(g) ("Klenin Decl."), ¶¶ 3, 4, Exh. A-B; Declaration of Nanette Ramos-Nagy in Support of Respondent United States of America's Memorandum of Points and Authorities in Opposition to Movant Adeyinka Ladele's Motion for Return of Property Pursuant to Fed. R. Civ. [sic] P. 41(g) ("Ramos-Nagy Decl."), ¶ 2, Exh. A-D, M.

[5]Opp. at 8.

1  his $106,580.30 restitution obligation.[6]

2  The judgment and commitment order for Ladele was filed on November 1, 2006; pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, his time to appeal the judgement expired on November 10, 2006.[7]  See FED.R.APP.PROC. 4(b)(1)(A) (a defendant's notice of appeal must be filed within 10 days after the later entry of judgment or the filing of the government's notice of appeal).

### B.  Allegations In Ladele's Motion

Ladele seeks the return of property allegedly seized at the time of his arrest.  Specifically, he requests the return of seven items described as follows:  (1) "two diamond earring[s]"; (2) one "[M]ovado tone watch"; (3) one "[T]ag [Heuer] watch"; (4) one "18 kt yellow gold bracelet"; (5) one "[S]ony cell phone"; (6) one "30 inch [S]ony 'xbr' flat screen tv"; and (7) one "[T]ag [Heuer] gold watch with anim[al] skin band."[8]  Of these items, five, i.e., the earring, the three watches, and the 30 inch flatscreen television, overlap with the list of items seized by the officers.  Ladele contends that the property is no longer needed as evidence since the criminal case against him is closed and that, as a result, he has the right to the return of his property.  He requests that the court order the government to return all seven allegedly seized items.[9]

### C.  Evidence Adduced in the Government's Opposition

#### 1.  The USPIS Administrative Proceedings Regarding Ladele

The government admits the seized property was no longer needed as evidence as of November 10, 2007, when Ladele's time to appeal expired.[10]  On December 1, 2006, however, one month after the November 1, 2006 judgment was entered, the USPIS initiated proceedings

---

[6]*Id.*

[7]*Id.*

[8]Movant's Motion to Return S[ei]zed Property 41(g) F.R.C.P. ("Mot."), Exh. 1.

[9]*Id.* at 3.

[10]Opp. at 5.

3

pursuant to 39 C.F.R. Part 946 as to the seized property.[11] On December 1, 2006 the USPIS sent letters, by certified mail, return receipt requested, to Ladele at the Metropolitan Detention Center in Los Angeles where he was incarcerated; to his Playa Vista residence; to an address in Los Angeles; and to his attorney in the criminal case. The letters stated that the USPIS was initiating administrative foreclosure proceedings.[12] They contained a claim form Ladele was required to complete, sign, and submit to the USPIS by January 1, 2007, in order to make a claim to the seized property. The letters advised Ladele that if he did not submit a claim by that date, title to the property would vest in the USPIS.[13] The government notes that the letter sent to the Playa Vista address was returned unclaimed, but that the USPIS received signed returned receipts for the letters sent to the other three addresses.[14]

On December 27, 2006, Vakhara Edwards, whose relationship to Ladele was then unknown, filed a claim to the seized property on Ladele's behalf.[15] After investigating and reviewing the claim, the USPIS denied it.[16] The USPIS mailed Edwards a letter of denial dated January 18, 2007, which set forth the reasons for denial, including that Ladele had been sentenced on bank fraud and aggregated identity theft charges; that Edwards had failed to prove Ladele was the legitimate owner of the items; that one item was being returned to a victim; and that Edwards had failed to submit a power of attorney confirming her right to act on Ladele's behalf.[17] The USPIS noted that Edwards had ten days under 39 C.F.R. § 946.9 to seek reconsideration of its

---

[11]*Id.*

[12]*Id.*; Ramos-Nagy Decl., ¶ 2, Exh. A-D.

[13]Opp. at 5; Ramos-Nagy Decl., ¶ 2, Exh. A-D.

[14]Opp. at 5.

[15]*Id.* at 5-6; Ramos-Nagy Decl., ¶ 5, Exh. F.

[16]Opp. at 6.

[17]*Id.*; Ramos-Nagy Decl., ¶ 7, Exh. H.

4

denial of the claim.[18]

On January 28, 2007, Edwards submitted a letter identifying herself as Ladele's fiancee, together with a notarized power of attorney reflecting her authority to act on Ladele's behalf and a request for reconsideration of the denial.[19] The USPIS investigated and reviewed the request for reconsideration, and denied it.[20] This decision was communicated to Edwards by letter dated May 11, 2007, which stated that there was insufficient evidence of Ladele's legitimate ownership interest in the property. The letter stated that the agency's decision was final.[21]

### 2. The USPIS Administrative Proceedings As To American Express

On December 1, 2006, the USPIS mailed a letter to American Express regarding the Sony Bravia, which set forth the same information as was contained in the notification letters to Ladele.[22] The USPIS received a claim to the Sony Bravia from American Express on December 28, 2006. The claim was granted on January 18, 2007, because the item had been purchased with an American Express credit card in the name of one of the identity theft victims.[23]

## II. DISCUSSION

### A. Legal Standard Governing Motions for Return of Property

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved . . . by the deprivation of property may move for the property's return. . . . If [the court] grants the motion, [it] must return the property to the movant, but may impose

---

[18] Opp. at 6; Ramos-Nagy Decl., ¶ 7, Exh. H.

[19] Opp. at 6; Ramos-Nagy Decl., ¶ 8, Exh. I.

[20] Opp. at 6; Declaration of Thomas Kusczwara in Support of Respondent United States of America's Memorandum of Points and Authorities in Opposition to Movant Adeyinka Ladele's Motion for Return of Property Pursuant to Fed. R. Civ. [sic] P. 41(g) ("Kuczwara Decl."), ¶ 2.

[21] Opp. at 6; Kuczwara Decl., ¶ 2, Exh. A-B.

[22] Opp. at 7; Ramos-Nagy Decl., ¶¶ 4, 9, 10, Exh. E, J- K.

[23] Opp. at 7; Ramos-Nagy Decl., ¶¶ 9, 10, Exh. J, K.

5

reasonable conditions to protect access to the property and its use in later proceedings." FED.R.CRIM.PROC. 41(g).[24] When there are no criminal proceedings pending against the movant, a Rule 41(g) motion is treated as a civil complaint. See *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Because there were no criminal proceedings pending at the time of filing, the district court properly treated the [Rule 41(g)] motion as a civil complaint governed by the Federal Rules of Civil Procedure"); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (a district court may not "treat a Rule 41[(g)] motion as something less than a civil complaint when there is no pending criminal proceeding"); *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987) ("Such motions are treated as civil equitable proceedings even if styled as being pursuant to Fed.R.Crim.P. 41(e)"); see also *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992) ("Where criminal proceedings against the movant have already been completed, a district court should treat a Rule 41[(g)] motion as a civil complaint"), overruled on other grounds as recognized in *Polanco v. U.S. Drug Enforcement Agency*, 158 F.3d 647 (2d Cir. 1998). Relief under Rule 41(g) is not available, however, "where a claimant has received adequate notice of an earlier administrative forfeiture proceeding, and thus has had an adequate remedy at law." *Ritchie*, 342 F.3d at 907.[25]

---

[24] "The 2002 amendments redesignated the subsection on motions for return of property from Rule 41(e) to Rule 41(g) without substantive change to the Rule, and courts have applied case law concerning former Rule 41(e) to the current Rule 41(g)." Wright, King, Klein & Welling, 3A FEDERAL PRACTICE AND PROCEDURE CRIMINAL 3d § 673 n. 3.1. See also, e.g., *United States v. Gotti*, 244 F.Supp.2d 120, 122-24 (E.D.N.Y. 2003) (providing an overview of former Rule 41(e) and current Rules 41(g) and (h)).

[25] It is unclear whether, under Ninth Circuit precedent, the district court must determine whether the claimant lacked adequate notice of the prior forfeiture proceeding as a jurisdictional prerequisite to hearing a Rule 41(g) motion, or whether, instead, adequacy of notice is an issue for the court to determine on the merits. In *Clivens v. United States*, No. 04-56429, 2005 WL 1943123, *1 (Aug. 15, 2005) (Unpub. Disp.), the Ninth Circuit concluded that the district court "properly declined to exercise jurisdiction over [a Rule 41(g)] motion" because "the record show[ed] that the government mailed notice to, and received a signed certificate of delivery from, the Los Angeles address that [the claimant] provided to DEA agents during the seizure." See also *Elias*, 921 U.S. at 872-73 (district court lacked equitable jurisdiction to entertain a motion for return of property where the parties did not dispute that the claimant had notice of an

If a defendant seeks return of property after pleading guilty and being sentenced, there is a presumption that he is entitled to return of the property. See *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) ("[W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation, the burden of proof changes. The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. . . . In such a case, the legality of the search and seizure is no longer an issue; even if the seizure was lawful the government must justify its

---

administrative forfeiture proceeding providing an adequate remedy at law); see generally Wright, King, Klein & Welling, 3A FEDERAL PRACTICE AND PROCEDURE CRIMINAL 3d § 673 at 357 ("Ordinarily once an administrative forfeiture proceeding has begun, the district court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant then has an adequate remedy at law"). Other Ninth Circuit cases, however, instruct that the district court must exercise jurisdiction when the Rule 41(g) motion alleges inadequate notice. See *Ritchie*, 342 F.3d at 907 ("[W]here a claimant has received adequate notice of an earlier administrative forfeiture proceeding, and thus has had an adequate remedy at law, the district court should deny a subsequent Rule 41(e) motion. In this case, because Horner alleged in her motion that she had not received adequate notice of the impending administrative forfeiture, the district court was required to treat the motion as a civil complaint governed by the Federal Rules of Civil Procedure"); *United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir. 1993) (reversing the denial of a Rule 41(e) motion and explaining that "in *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096 (9th Cir.1990), we held that the district court erred in dismissing a challenge under the Administrative Procedure Act to a completed administrative forfeiture. Specifically, we concluded that the plaintiff should be able to present to the district court a claim alleging constitutionally deficient notice and seeking recovery of forfeited property. *Id*. at 1099-1101. On this authority, we reject the government's challenge to the district court's jurisdiction and conclude that Clagett is entitled to a ruling on his claim of inadequate notice of the prior forfeiture proceeding"). Similarly, the Ninth Circuit has held that the government may not prevail on a Rule 41(g) motion as a matter of law where there is a factual dispute as to the adequacy of notice to the claimant. See *Ibrahim*, 522 F.3d at 1007-08 (district court erred in granting summary judgment for government on Rule 41(g) motion where "a factual dispute exist[ed] as to whether movant had actual notice of the forfeiture proceeding"). Here, although the government has introduced substantial and convincing evidence that it initiated a proper administrative forfeiture procedure with respect to five of the items of property Ladele seeks, Ladele's motion alleges that "the government has failed to initiate a forfeiture [proceeding]." (Mot. at 2.) The court will therefore follow *Ritchie* and *Claggett*, and exercise equitable jurisdiction over Ladele's motion as to all of the property whose return he seeks.

continued possession of the property by demonstrating that it is contraband or subject to forfeiture" (citations omitted)); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991) ("Ordinarily, property seized for purposes of a trial that is neither contraband nor subject to a forfeiture statute is to be returned to the defendant at the end of the trial. . . . A defendant's Rule 41(e) motion for return of property, however, may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues" (citations omitted)); see also *Gotti*, 244 F.Supp.2d at 125 ("Although the burden of proof is on the movant while a criminal prosecution is pending, . . . the burden shifts to the government 1) after trial, 2) after a guilty plea or 3) after the abandonment of the government's investigation" (citations omitted)).

To demonstrate a legitimate reason to retain the items, the government may show a cognizable claim of ownership or right to possession that is adverse to that of defendant. See *Mills*, 991 F.2d at 612 (quoting *United States v. Palmer*, 565 F.2d 1063, 1065 (9th Cir. 1977)). The government may also demonstrate the need to retain the property as evidence, and/or the right to levy upon the property to pay obligations owed to the government by the defendant. See, e.g., *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990).

**B.   Procedural Considerations Governing Motions for Return of Property**

District courts have had some difficulty determining what procedure to apply when the government opposes a motion for return of property with evidence that the claimant received adequate notice of a prior forfeiture proceeding. In *Ritchie*, Heather Horner filed a motion for return of property that the DEA had seized when it executed a search warrant at her apartment in the course of investigating her boyfriend. 342 F.3d at 906. The DEA administratively forfeited the property prior to the filing of Horner's motion. Horner argued that the DEA did not provide her with adequate notice of the forfeiture proceedings. *Id.* In support of its opposition to the motion, the government submitted various materials including "a declaration of John Hieronymus, forfeiture counsel of the DEA, attesting to the DEA's attempts at notice," "copies of notices published in the *USA Today* and the *Wall Street Journal*," copies of letters from the DEA to Horner, and a "Petition for Return of Property" signed by Horner's boyfriend, which the

government contended was mailed in an envelope that had Horner's handwriting on it. *Id.* The government argued that these materials established that Horner had adequate notice of the proceeding. *Id.* The district court agreed, and denied the motion.

The Ninth Circuit reversed. It first concluded that the district court was required to exercise equitable jurisdiction over the motion. The court explained that "because Horner alleged in her motion that she had not received adequate notice of the impending administrative forfeiture, the district court was required to treat the motion as a civil complaint governed by the Federal Rules of Civil Procedure." *Id.* at 907. It next rejected the government's argument that the district court properly denied the motion for return of property because it failed to state a claim under Rule 12(b)(6). The court reasoned that the district court considered evidence outside the pleadings, which was neither incorporated by reference in the complaint nor a proper subject of judicial notice, and thus that its order could not properly be deemed action under Rule 12(b)(6). *Id.* at 907-08. The court concluded that "it would have been improper for the court to consider the declaration and exhibits attached to the government's opposition without converting the motion to dismiss into a motion for summary judgment and giving Horner an opportunity to respond." *Id.* at 908. The court reversed and remanded so that the government's opposition could properly be converted into a motion for summary judgment. *Id.* at 911.

The Ninth Circuit revisited *Ritchie*'s discussion of the procedural approach to disputes concerning notice in Rule 41(g) motions last year, in *Ibrahim*, 522 F.3d 1003. There, the claimant sought to recover property that had been administratively forfeited, arguing that he never received notice of the forfeiture proceedings. *Id.* at 1006. The government countered that the claimant had received adequate notice because it had notified his brother and his brother's attorney of the proceedings, and had published notice in a newspaper. *Id.* The district court determined that a factual dispute existed, and, applying *Ritchie*, "conclude[d] that th[e] [Rule 41(g)] motion should be converted to a motion for summary judgment." *Id.* (quoting the district court). The district court applied a preponderance of the evidence standard and concluded that the claimant had actual notice of the proceeding:

"[T]he government has provided circumstantial evidence from which the trier of

9

fact could reasonably conclude that movant had actual notice of the forfeiture proceedings. Contrary to movant's argument, the Court need not find as a matter of law that movant had actual notice. Rather, the Court must consider whether the government has shown, by a preponderance of the evidence, that movant had actual notice." *Id.* at 1007 (alteration original).

The Ninth Circuit found several errors in the district court's application of *Ritchie*. First, it concluded that the district court erred in converting the Rule 41(g) motion itself, rather than the government's opposition to the motion, into a motion for summary judgment. *Id.* It observed that "[u]nlike the court in *Ritchie* – which converted the *government's* opposition into a motion for summary judgment – the district court in this case appears to have converted *Ibrahim's* underlying motion for return of property into a motion for summary judgment. This was an error. Under the Federal Rules of Civil Procedure, it was the equivalent of converting a plaintiff's complaint into a motion for summary judgment." *Id.* at 1007-08 (emphasis original). The court next held that the district court had erred in applying a preponderance of the evidence standard. *Id.* at 1008. It then provided the following description of the proper methodology for deciding a Rule 41(g) motion:

> "[An] ad hoc approach may be appropriate in a regular Rule 41(g) proceeding with a criminal case pending. In that situation, the Rule provides little guidance as to what procedures the courts are required to follow, other than the broad statement that they 'must receive evidence on any factual issue necessary to decide the motion.' FED.R.CRIM.P. 41(g). Once the district court treated Tamer's Rule 41(g) motion as a civil complaint, however, it was required to apply the Federal Rules of Civil Procedure. *Ritchie*, 342 F.3d at 907. These rules apply to each stage of the proceedings, the same way they would in the civil context.
>
> "Therefore, under *Ritchie*, a court should first convert [the] government's opposition into a motion for summary judgment if it cannot decide the matter on the pleadings. Then, pursuant to the Federal Rules of Civil Procedure, the court should determine whether the government has demonstrated that there is no

'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.' FED.R.CIV.P. 56(c); see also *Taylor v. United States*, 483 F.3d 385, 387-88 (5th Cir.2007) (treating a denial of a non-criminal case Rule 41(g) motion as a summary judgment in favor of the government). Finally, if the government is unable to meet this summary judgment standard, the motion for return of property (now being treated as a civil complaint) should not be dismissed at the summary judgment stage, and the court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. See *Taylor*, 483 F.3d at 389-90." *Id.*

*Ibrahim* and *Richie* leave some uncertainties as to the procedure that should be employed to decide a Rule 41(g) motion. It is clear, however, that, at least where the government claims the property sought was already the subject of an administrative foreclosure proceeding, the court must convert the government's opposition into a motion for summary judgment, and determine whether a disputed issue of material fact exists regarding notice. Here, the government has submitted substantial evidence that five of the items whose return Ladele seeks were forfeited at an administrative proceeding of which the he adequate notice. Ladele did not file a reply to the government's opposition, and submitted no evidence contradicting the government's proof. The order setting the deadline by which Ladele had to respond to the government's opposition was set in response to his initial motion, rather than the opposition. Thus, it did not specifically advise Ladele that the opposition would be treated as a motion for summary judgment. Accordingly, the court will give Ladele a further opportunity to oppose the government's motion, so that, as required by *Ibrahim*, the government's opposition, rather than Ladele's motion, is the pleading that has been converted into a motion for summary judgment.

Ladele may file opposition to the government's motion for summary judgment no later than by **March 1, 2010**. The government may file a reply by **March 15, 2010**. The court will then determine whether the government is entitled to judgment as a matter of law.[26]

---

[26]The government also opposes Ladele's motion on grounds other than the administrative forfeiture. As to the five items of property that were forfeited, the government argues that, even

11

## III. CONCLUSION

For the reasons stated, the court withholds its ruling on Ladele's motion, and converts the government's opposition into a motion for summary judgment. Ladele may file an opposition by **March 1, 2010**, and the government may file a reply by **March 15, 2010.** Because Ladele is proceeding *pro se*, to assist him in opposing the motion, the court discusses below the nature of a motion for summary judgment, and the requirements of the Federal Rules that govern the filing of opposition to such a motion. See *Rand v. Rowland*, 154 F.3d 952, 960-61 and Appendix A (9th Cir. 1998) (holding that the district court must inform *pro se* litigant of the potentially dispositive consequences of a Rule 56 motion).

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED.R.CIV.PROC. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. See *id*. If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

if notice to Ladele was inadequate, Ladele's restitution obligation exceeds the property's value. As respects the remaining items on Ladele's list, the government argues that it did not seize a gold bracelet from Ladele, and that the cell phone was properly destroyed pursuant to USPIS policies. It is unclear whether the approach described in *Ritchie* and *Ibrahim* applies to issues raised in opposition to a Rule 41(g) motion other than the claimant's notice of forfeiture proceedings. However, the court will withhold ruling on these arguments as well to give Ladele a further opportunity to respond. If Ladele has evidence regarding any of the government's arguments, he should present it in his opposition to the government's motion for summary judgment.

250 (1986); FED.R.CIV.PROC. 56(e).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. See *T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment"); *Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). To oppose the government's motion for summary judgment successfully, Ladele must demonstrate through argument and/or evidence that there is a genuine issue of fact precluding judgment as a matter of law. If the government's motion is granted, Ladele's motion for return of property will be denied with prejudice.

DATED: February 2, 2010

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

13